IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNIVERSAL LIFE CHURCH MONASTERY STOREHOUSE, a Washington non-profit Corporation,<br><br>      Plaintiff,<br><br>  v.<br><br>MICHAEL MCGEEVER, in his official capacity as Director of Court Records for Allegheny County, Pennsylvania; and Patricia Capozoli, in her official capacity as Wills and Orphans' Court Division Manager for Allegheny County, Pennsylvania,<br><br>      Defendants. | CIVIL DIVISION<br><br>Case No. 2:21-cv-618 |

**JOINT STIPULATION AND ORDER
FOR ENTRY OF FINAL JUDGMENT**

The undersigned parties, by and through their counsel of record, have agreed to a settlement and hereby conditionally stipulate to the dismissal of this action with prejudice. As a condition to the settlement agreement, the parties jointly stipulate that the Court will enter final judgment in this action without making any determination as to liability of Defendants. Defendants Michael McGeever and Patricia Capozoli in their official capacities, ("Defendants"), have denied and continue to deny any and all liability for any unlawful action claimed by Plaintiff Universal Life Church Monastery Storehouse, ("ULCMS") in this Lawsuit. Plaintiff ULCMS agrees and acknowledges that this Joint Stipulation and Proposed Order for Entry of Final Judgment shall not constitute or be construed as an admission of liability by Defendants or as a statement of admission

of any wrongdoing or violation by Defendants of any federal or state statute, or Allegheny County policy.

## ORDER

Based on the foregoing Stipulation and the Court's prior orders, findings, and conclusions in this action, it is hereby ORDERED, ADJUDGED, and DECREED that:

Without making any determination as to the liability of Defendants in this action, the Court finds concludes, and declares that a government policy or practice that applies 23 Pa. Cons. Stat. Ann. § 1503 in a manner that denies, discourages, or otherwise chills the religious practice of the Universal Life Church and its ministers by proclaiming that Universal Life Church ministers have no legal authority to solemnize marriages under 23 Pa. Cons. Stat. Ann. § 1503(a)(6) would violate the First and Fourteenth Amendments to the United States Constitution by (a) preferring certain religions over others in violation of the Establishment Clause, (b) burdening the Universal Life Church's and its members' religious practices in violation of the Free Exercise Clause, and (c) discriminating against the Universal Life Church and its members in violation of the Equal Protection Clause, to the extent the policy or practice treats Universal Life Church ministers less favorably than those similarly situated.

The Court therefore orders the following:

a. Defendants shall ensure that their training materials instruct employees and agents that they are not to interpret the meaning of 23 Pa. Cons. Stat. Ann. § 1503(a)(6);

b. Defendants shall ensure that their employees and agents are trained and directed accordingly to not deny, discourage, or chill the Universal Life Church's religious practice, specifically by not communicating to members of the public that a Universal Life Church minister cannot lawfully solemnize a marriage solely on the

basis of the minister's affiliation and/or ordination with the Universal Life Church. Defendants shall train and direct their employees and agents to not advise the public as to whether any religious organization or officiant thereof, and specifically members of Plaintiff's church is authorized, or not, to solemnize a marriage under Pennsylvania Law. Defendant County Department of Court Records shall post at its physical office and state on its official marriage license webpage that the Department of Court Records Marriage License staff cannot advise as to the legal qualifications of anyone to serve as a marriage officiant. Additionally, Defendants shall supervise and monitor their employees to assure compliance with this policy and training, and employees who violate this policy will be subject to progressive discipline, up to and including termination.

c. The Clerk of Court is directed to enter a final judgment in accordance with this Order, terminating this action with prejudice;

d. The Court shall retain jurisdiction and have the power to enforce this Order without limitation, including to order any such relief as the Court deems just and proper.

SO ORDERED this __6th__ day of __June__ 2022.

 s/ J. Nicholas Ranjan
J. NICHOLAS RANJAN
UNITED STATES DISTRICT JUDGE

Consent to the form and entry of this Order:

ALLEGHENY COUNTY LAW DEPARTMENT
Attorney for Defendants

By:  /s/ *Lisa G. Michel*
     Lisa G. Michel
     Assistant County Solicitor

Dated:  June 3, 2022


DAVIS WRIGHT TREMAINE LLP
Attorneys for Plaintiff

By:  /s/ *Bruce E.H. Johnson*
     Bruce E.H. Johnson

Dated:  June 3, 2022